UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JOHN C. TURNER, Chapter 7 Trustee for the Parco Merged Media Corp. Bankruptcy Estate, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| BRIAN R. BOYLE, | ) ) | 10-mc-58-P-W |
| Defendant, | ) ) | |
| v. | ) ) | |
| PARCO MERGED MEDIA CORP., | ) ) | |
| Debtor. | ) | |

**ORDER ON MOTION TO WITHDRAW REFERENCE**

Brian Boyle, the Defendant in an adversary proceeding filed by a Chapter 7 Trustee in bankruptcy court, moves to immediately withdraw the reference from bankruptcy court, arguing that he is entitled to a jury trial in district court and that the claims against him are noncore to the underlying bankruptcy proceedings. Because Mr. Boyle has not shown cause for immediate withdrawal, the Court denies without prejudice his motion to withdraw reference.

**I.      STATEMENT OF MATERIAL FACT[1]**

Brian R. Boyle was hired as president of Parco Merged Media Corp. (Parco) in March, 2008 and three months later, on May 19, 2008, Chapter 7 bankruptcy was filed against the

---

[1] The Court recites the facts set forth in Mr. Boyle's motion. *Mot. to Withdraw Reference* at 1-2 (Docket # 1). In his response, the Trustee states that he "does not object to the factual allegations set out in the first three paragraphs of the Background section of the Withdrawal Motion." *Resp. in Opp'n to Mot. to Withdraw Reference* at 2 (Docket # 4) (*Resp. in Opp'n to Mot.*).

company.² On January 7, 2010, John C. Turner, Parco's Chapter 7 Trustee, filed an adversary petition against Mr. Boyle in federal bankruptcy court, alleging breach of duty of loyalty, lack of good faith, breach of duty of care, and breach of contract based on the transfer of profits from a stock merger to Bruce L. Rothrock, Sr., chairman of Parco's board of directors, after the Chapter 7 bankruptcy filing. *Compl.*, *Turner v. Boyle*, Adversary Proceeding No. 10-ap-2003 (Docket # 1). Mr. Turner contends that Mr. Boyle failed to investigate, or have a lawyer investigate, the legitimacy of Mr. Rothrock's claim to the merger profits; to seek legal advice about the consequences of the involuntary bankruptcy filing on Mr. Rothrock's claim to the proceeds; to ensure that disinterested directors approved Mr. Rothrock's self-interested action; and to secure the return of the stock proceeds once Mr. Rothrock took them. *Id.* Similar claims are pending in bankruptcy court against Mr. Rothrock, including claims of breach of duty of loyalty, lack of good faith, and breach of duty of care. *Compl.*, *Turner v. Rothrock* (*In re Parco Merged Media Corp.*), Adversary Proceeding No. 09-ap-2015 (Docket # 1). The bankruptcy court recently granted partial summary judgment against Mr. Rothrock, finding that Mr. Rothrock's taking of the merger profits was an improper post-petition transfer and ordering return of the money. *Order*, *In re Parco Merged Media Corp.*, Adversary Proceeding No. 09-ap-2015 (Docket # 47).

On February 8, 2010, Mr. Boyle answered the complaint and demanded a jury trial on all claims. *Answer*, *Turner v. Boyle*, Adversary Proceeding No. 10-ap-2003 (Docket # 5). On the same date, Mr. Boyle moved in this Court to withdraw the reference to bankruptcy court. *Mot. to Withdraw Reference*. On March 1, 2010, Mr. Turner filed a response in opposition to the motion to withdraw reference. *Resp. in Opp'n to Mot*. Mr. Boyle replied on March 12, 2010.

---

² In his motion, Mr. Boyle states that he was hired in "March, 2009" and also that he was fired three months later on May 19, 2008. *Mot. to Withdraw Reference* at 1-2. In his response, as noted earlier, the trustee did not reiterate the facts and did not object to Mr. Boyle's recitation. *Resp. in Opp'n to Mot.* at 2. Mr. Boyle appears to have been hired in March, 2008. *Aff. of Scott A. Cohen*, Attach A ¶ 1 (Docket # 5).

2

*Reply to Resp. in Opp'n to Mot. to Withdraw Reference* (Docket # 5) (*Reply to Resp. in Opp'n to Mot.*).

## II.  DISCUSSION

### A.  Position of the Parties

#### 1.  Mr. Boyle

Mr. Boyle argues that withdrawal of the reference is necessary because he has not consented to a jury trial in bankruptcy court.  Mr. Boyle claims he has a constitutional right to a jury trial on all claims in district court because "the remedy requested is purely compensatory, not equitable." *Mot. to Withdraw Reference* at 3.  Although admitting, "[a] jury demand does not necessarily create an immediate right to withdrawal," Mr. Boyle argues that immediate withdrawal is appropriate because the claims are noncore.  *Id*. at 4.  Mr. Boyle describes the claims as "run of the mill" state law claims, neither "created by a statutory provision of Title II" nor only arising "in bankruptcy cases."  *Reply to Resp. in Opp'n to Mot*. at 1-2.  He disagrees that the relevant conduct occurred "post-filing," arguing that the decision to let Mr. Rothrock take the stock proceeds was made prior to the bankruptcy filing.  *Id.* at 2-3.  Mr. Boyle contends he cannot be held responsible for failing to act post-filing because at the time of the involuntary bankruptcy petition Parco ceased to operate and Mr. Boyle was effectively terminated.  *Id*. at 3.  Asserting that the claims will eventually need to be transferred to district court, Mr. Boyle argues that denying his motion will force him to "incur legal expenses in two different courts."  *Id*. at 4.

#### 2.  Mr. Turner

Mr. Turner responds that the proceedings against Mr. Boyle are in fact core to the underlying bankruptcy action.  He emphasizes that the relevant action—the transfer of the proceeds to Mr. Rothrock—"occurred after the bankruptcy filing." *Resp. in Opp'n to Mot*. at 5.

3

Furthermore, he argues that the claims against Mr. Boyle are "uniquely affected by the bankruptcy proceedings" because at issue is whether Mr. Boyle is liable for damages resulting from the judgment against Mr. Rothrock in bankruptcy court and whether Mr. Boyle "failed to comply with obligations imposed on him as an officer of a company in bankruptcy." *Id*. at 5-6.

Mr. Turner argues that efficiency and uniformity considerations counsel against withdrawal of the reference: having already ruled on a substantive motion in the proceeding against Mr. Rothrock, the bankruptcy court "is already familiar" with some of the factual and legal issues. *Id*. at 6. If withdrawal is granted and the Court independently decides the related claims against Mr. Boyle, Mr. Turner describes how the two courts could reach different results for the same underlying activity. *Id*. at 6-7.

Finally, Mr. Turner refutes Mr. Boyle's contention that he is "entitled to a jury trial on all of the claims." *Id*. at 7. Although seeking money damages, Mr. Turner contends that the compensation sought is equitable as "basically reimbursement for property improperly taken from the Debtor's estate." *Id*. Even if a jury trial is required, Mr. Turner urges the Court to delay withdrawal "until just before trial." *Id*. at 8.

### B.     Legal Standard

District courts have jurisdiction over bankruptcy actions under 28 U.S.C. § 1334(b). Title 28 U.S.C. § 157(a) permits referral to the bankruptcy court, and by local order, all cases and civil proceedings arising under Title 11 filed in Maine are automatically referred to the bankruptcy judges for the District of Maine. D. Me. Local Rule 83.6. A bankruptcy court can only conduct a jury trial "with the express consent of all the parties."  28 US.C. § 157(e). A valid jury demand without an accompanying consent to trial in bankruptcy court "can have the effect of mandating withdrawal to the District Court for trial." *Growe ex rel. Great Northern*

*Paper*, *Inc*. *v. Bilodard Inc*., 325 B.R. 490, 492 (D. Me. 2005). A lack of consent, however, does not necessarily mean the reference to bankruptcy court must be immediately withdrawn. *Id; In re Magnesium Corp. of America*, No. 01-B-14312 (REG), 2004 WL 1161172, at *1 (S.D.N.Y. May 24, 2004). As the Second Circuit noted, a district court might instead decide that "a case is unlikely to reach trial, that it will require protracted discovery and court oversight before trial, or that the jury demand is without merit, and therefore might conclude that the case at that time is best left in the bankruptcy court." *Orion Pictures Corp. v. Showtime Networks, Inc.* (*In re Orion Pictures Corp.*), 4 F.3d 1095, 1101-02 (2d Cir. 1993), *cert. dismissed*, 511 U.S. 1026 (1994). In such instances, "a court may deny a motion to withdraw on the basis of a jury demand while allowing the movant to renew the motion when the bankruptcy court certifies that the adversary proceeding is ready for trial." *Growe ex rel. Great Northern Paper*, *Inc*., 325 B.R. at 492. Even if withdrawal is eventually mandatory, it is discretionary until the proceeding is ready for trial.

Discretionary withdrawal is allowed under § 157(d) when "cause" is shown. 28 U.S.C. § 157(d) (permitting the district court to "withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown"). The moving party bears the burden of demonstrating cause. *Growe ex rel. Great Northern Paper*, *Inc*., 325 B.R. at 492; *In re Envisionet Computer Services, Inc*., 276 B.R. 1, 4 (D. Me. 2002). Although neither § 157 nor the First Circuit defines what constitutes "cause," courts in this District balance a variety of factors, including "judicial economy; whether withdrawal would promote uniformity of bankruptcy administration; reduction of forum shopping and confusion; conservation of debtor and creditor resources; expedition of the bankruptcy process; and whether a jury trial has been requested." *Growe ex rel. Great Northern Paper*, *Inc*., 325 B.R. at 492; *In re Envisionet Computer Services, Inc*., 276 B.R. at 4.

### 1.     **Judicial Economy and Uniformity**

The analysis of judicial economy and uniformity of bankruptcy administration depends largely on whether the claims are core or noncore. *Growe ex rel. Great Northern Paper*, *Inc.*, 325 B.R. at 492 (citing *In re Orion Pictures Corp.*, 4 F.3d at 1101). In noncore bankruptcy matters, efficiency and uniformity favor proceedings occurring in district court: because the bankruptcy court may only issue proposed findings of fact and conclusions of law subject to *de novo* review by the district court, there is a high potential for duplication of effort. Such concerns increase when a valid jury demand is made and the parties do not consent to trial in bankruptcy court. In addition, withdrawal to district court will not disrupt the uniform administration of bankruptcy law because noncore claims only indirectly relate to it. The reverse is true for core bankruptcy matters: efficiency is increased through the bankruptcy court's familiarity with the facts and issues relating to core bankruptcy matters and its expertise will ensure uniform administration of the bankruptcy code. *Id*. at 492-93; *In re Orion Pictures Corp.*, 4 F.3d at 1101.[3]

Claims are usually considered core when based on post-filing conduct and when closely connected to the administration of the debtor's estate. In *In re Arnold Print Works, Inc.*, the First

---

[3] The Court considered remanding the core versus noncore question to the bankruptcy court for an initial determination. Section 157(b)(3) provides that the "bankruptcy judge shall determine . . . whether a proceeding is a core proceeding under this subsection." 28 U.S.C. § 157(b)(3). Several courts have deferred deciding motions to withdraw reference until the bankruptcy court made the initial core/non-core determination. *In re Envisionet Computer Services, Inc*., 276 B.R. 1 (remanding to the bankruptcy court to determine whether any claims are non-core before deciding the motion to withdraw reference). Although failure to obtain the Bankruptcy Court's preliminary determination appears to be grounds to remand, the Court found no case law that suggests remand is required. *In re Jackson Brook Institute*, 280 B.R. 779, 783 n.3 (D. Me. 2002) (finding that although the bankruptcy court should make the initial "core" versus "noncore" determination, the district court had to make a preliminary determination to decide the motion to withdraw reference).

Here, both parties appear to want the Court to decide the motion to withdraw without remanding to the bankruptcy court: Mr. Turner describes without objection how another court had not remanded the core/noncore determination, *Resp. in Opp'n to Mot.* at 5 n.1, and Mr. Boyle moved for withdrawal before the bankruptcy court had made the initial determination and avoiding a prolonged two-part process accords with his interest in avoiding unnecessary legal expenses. In addition to lack of objection by the parties, the Court finds that disposition on the merits is appropriate because of the early stage of the proceeding and the preliminary nature of its decision.

Circuit distinguished between contracts made pre-filing and collected post-filing, considered noncore, and contracts made and collected post-filing as part of the debtor's attempts to liquidate estate assets, considered core. 815 F.2d 165, 165-66 (1st Cir. 1987). Critical to labeling the latter debt collection attempts as "core" was, first, that the contract was made "*after* [the debtor] went bankrupt," *id*. at 166, and, second, that the claim "arose out of the administrative activities of a debtor-in-possession." *Id*. at 168. *See also In re 610 W. 142 Owners Corp*., 219 B.R. 363, 370 (Bkrtcy. S.D.N.Y. 1998) (stating how the pre-petition timing of the claims was "crucial to finding that these causes of action are non-core"); *Glinka v. Abraham and Rose Co, Ltd*., No. 2:93-CV-291, 1994 WL 905714, at *8 (D. Vt. June 6, 1994) (characterizing breach of fiduciary duty claim against an officer of a debtor-in-possession as core because "post-petition transfers form the heart" of the claim).

Here, the actions that form the basis of the fiduciary claims against Mr. Boyle occurred post-filing. Mr. Turner alleges that Mr. Boyle failed to prevent or appropriately respond to the post-filing taking of stock proceeds. These claims are also intimately connected with the administration of Parco's estate. Mr. Turner seeks to establish that Mr. Boyle violated duties owed to the bankrupt estate and to hold him responsible for the improper post-filing transfer of estate assets.[4]

Mr. Boyle responds that the claims are in fact based on a pre-filing decision to allow Mr. Rothrock to take the merger profits. However, the only evidence before the Court—the affidavit of Mr. Cohen—does not indicate when the decision occurred. Regardless, Mr. Turner has

---

[4] The claims against Mr. Boyle also fall within the literal wording of the list of core proceedings in § 157(b)(2), such as "matters concerning the administration of the estate" and "other proceedings affecting the liquidation of the assets of the estate." 28 U.S.C. § 157(b)(2)(A) & (O). However, the Court is aware that such catch-all categories are not necessarily a discerning yard stick because they can be read to cover any proceeding at all related to a debtor's estate. *See In re Orion Pictures Corp.*, 4 F.3d at 1102 (holding that the core/noncore distinction should turn on the timing of the action, pre-filing versus post-filing, rather than the potentially limitless language of § 157(b)(2)(A)); *cf. In re Arnold*, 815 F.2d at 168 (bolstering its conclusion with the fact that the action falls "within the literal wording" of 28 U.S.C. § 157(b)(2)(A) & (O)).

framed his claim around post-filing actions and obligations. Whether these actions occurred and whether these duties existed goes to the merits, not the true categorization of the claim. For purposes of this motion to withdraw reference, the Court finds that the fiduciary claims against Mr. Boyle are core.[5]

### 2.     Other Considerations

The other considerations also weigh against immediate withdrawal. The early stages of the proceedings counsel against withdrawal because the Court does not know whether dispositive motions will resolve the matter prior to trial or whether protracted discovery under court oversight will be required. Although Mr. Boyle argues that delaying withdrawal will increase costs, courts recognize that judicial economy and efficiency are served by keeping "an action in Bankruptcy Court for the resolution of pre-trial, managerial matters, even if the action will ultimately be transferred to a district court for trial." *In re American Classic Voyages Co.*, 337 B.R. 509, 512 (D. Del. 2006). Mr. Boyle offers no other justification for immediate withdrawal. Here, where the bankruptcy court is already intimately familiar with the facts of the case and is better equipped to address issues resolving core bankruptcy issues, the bankruptcy court's continued oversight will decrease costs to the parties and expedite the process, even if transfer back to district court is ultimately necessary.[6]

## III.    CONCLUSION

The Court DENIES WITHOUT PREJUDICE Mr. Boyle's Motion for Withdrawal of Reference (Docket # 1) and REMANDS the case to the bankruptcy court for further proceedings.

---

[5] The Court does not decide whether the contract claim is also core. At a minimum, the bankruptcy court can hear it as an "otherwise related" claim under 28 U.S.C. § 157(c)(1).

[6] Because the Court finds that immediate withdrawal is not appropriate, the Court does not decide whether Mr. Boyle has a right to a jury trial in district court. Such a decision is properly before the bankruptcy court in the first instance. *In re Envisionet Computer Services, Inc.*, 276 B.R. at 6 (stating that "[t]he bankruptcy court is an appropriate tribunal for determining whether there is a right to a trial by jury of issues for which a jury trial is demanded").

Mr. Boyle may renew his Motion for Withdrawal when the bankruptcy court certifies that the adversary proceeding is ready for trial.

    SO ORDERED.

                                                /s/ John A. Woodcock, Jr.
                                                JOHN A. WOODCOCK, JR.
                                                CHIEF UNITED STATES DISTRICT JUDGE

Dated this 29th day of March, 2010